UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HAROLD TONEY,

    Plaintiff,

v.                                                    Case No. 3:16cv418-LC-CJK

C. COURTNEY, et al.,

    Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action in state court, asserting both state and federal claims. Defendant M. Nichols removed the matter to this court. *See* doc. 1. The case is before the court on plaintiff's Motion to Remand (doc. 10), Defendants Dr. S. Schwartz and M. Nichols' Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 23), plaintiff's Motion for Leave to Amend Complaint (doc. 31), and Defendant Dennis Pollard's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 34).

Although defendants' motions to dismiss refer to plaintiff's third amended complaint, at the time defendants filed their motions, the docket reflected plaintiff's first amended complaint as the operative pleading in the matter. *See* doc. 9. After defendants Schwartz and Nichols filed their motion to dismiss, plaintiff filed a motion for leave to file a third amended complaint. *See* doc. 31. The proposed third amended complaint (doc. 32), however, is nearly identical to plaintiff's amended complaint (doc. 9). The only material distinction is that, in the third amended complaint, plaintiff addresses defendants' argument regarding plaintiff's failure to comply with the pre-suit requirements for a medical malpractice claim under Florida law. That change is of no consequence because plaintiff's state law claims have been dismissed with prejudice.[1] Plaintiff's motion for leave to amend (doc. 32) thus will be denied. Having reviewed the remaining motions, responses, and replies, the undersigned finds plaintiff's motion to remand should be denied and defendants' motions to dismiss should be granted.

---

[1] Plaintiff's state law claims were dismissed on appeal prior to removal, leaving only his § 1983 claims. *See* doc. 7 at p. 2; doc. 1-2 at pp. 3-5, 41-45.

BACKGROUND

Plaintiff asserts claims against Dr. S. Schwartz, Nurse M. Nichols, and Dr. Dennis Pollard, in their individual and official capacities, based on the defendants' alleged failure to provide him a gluten-free diet.[2] Plaintiff is an insulin-dependent diabetic who claims he has "celiac disease" and is allergic to wheat/gluten. He says that, while incarcerated at Okaloosa Correctional Institution and other unspecified institutions, he was given a diet pass pursuant to which he was to receive gluten-free meals. He was transferred to Santa Rosa Correctional Institution ("Santa Rosa C.I.") on July 16, 2014. While there, he maintains, Dr. Schwartz and Nurse Nichols failed to provide him a gluten-free diet.

On July 20, 2014, plaintiff wrote Nurse Nichols inquiring about the matter. Nurse Nichols responded on July 24, indicating the Florida Department of Corrections ("FDOC") did not have a gluten-free diet at that time. Plaintiff filed a grievance, and Dr. Schwartz responded that plaintiff would receive a gluten-free diet once one was approved by the FDOC; in the meantime, Dr. Schwarz advised, plaintiff should contact the food service department.

---

[2] Plaintiff also names Corizon Health, Inc. ("Corizon") and Warden C. Courtney as defendants. Both defendants, however, were dismissed with prejudice prior to removal. *See* doc. 7 at p. 2, doc. 1-2 at pp. 3-5, 41-45.

Case No. 3:16cv418-LC-CJK

Plaintiff was transferred to Lake Butler Regional Medical Center ("Lake Butler RMC") on August 12. Less than a week later, he submitted a sick call request to obtain a diet pass. Shortly thereafter, on September 8, plaintiff saw Dr. Pollard, who rewrote a diet pass but failed to prescribe a gluten-free diet. Plaintiff submitted another sick call request on September 22, explaining his condition and that he had not received a gluten-free diet and was experiencing allergic reactions, including abdominal pain, nausea, headaches, and fatigue, as a result thereof. Three days later, on September 25, Nurse Walker issued a diet pass, written by Dr. Pollard, specifying plaintiff was to receive gluten-free meals. Plaintiff did not see a health care professional, however, and was not prescribed medication for his symptoms.

Plaintiff returned to Santa Rosa C.I. on October 28. Nurse Nichols again failed to prescribe a gluten-free diet. On November 5, however, plaintiff began receiving gluten-free meals. Plaintiff asserts causes of action under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs, breach of the duty to protect, and failure to administer an adequate medical remedy, all in violation of 42 U.S.C. § 1983. He seeks an unspecified amount of nominal, compensatory, and punitive damages, but not less than $350,000.

## DISCUSSION

A.  Standard of Review

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of the complaint for failure to state a claim on which relief can be granted. While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires a showing of "more

than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

When considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference; *see Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted); the court also accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff, *see Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations, however, because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

B.     Plaintiff's Claims

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); however, "[m]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal citations omitted).

To prevail on an Eighth Amendment deprivation of medical care claim, a prisoner must prove three elements. First, the plaintiff must demonstrate "an objectively serious medical need" so grave that, "if left unattended, [it] poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted). "[A] serious medical need is . . . one . . . diagnosed by a physician as mandating treatment or one

that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal marks omitted).

The second element requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor*, 221 F.3d at 1258. "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Id.* (*quoting Estelle*, 429 U.S. at 105). Deliberate indifference is established only when the plaintiff demonstrates that the official knew of and disregarded an excessive risk to his health or safety; in other words, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official's response must have been so inadequate as to "constitute an unnecessary and wanton infliction of pain" and not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor*, 221 F.3d at 1258. Notably, where the inmate received medical attention and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or

appropriateness of the medical judgments that were made. *Harris*, 941 F.2d at 1507 (*quoting Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)); *see also Woody v. Cronic*, 401 Fed. Appx. 509, 512 (11th Cir. 2010) (unpublished opinion) ("Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference."). Indeed, a difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Harris*, 941 F.2d at 1505; *Waldrop*, 871 F.2d at 1033; *Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[3]

Delay in providing "medical treatment known to be necessary" can qualify as deliberate indifference. *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out."). The delay, however, must be "tantamount to 'unnecessary and wanton infliction of pain.'" *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990) (*quoting Estelle*, 429 U.S. at 104)). "Cases stating a constitutional claim for immediate or emergency medical attention have

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 3:16cv418-LC-CJK

concerned medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1187-88.

"The 'seriousness' of an inmate's medical needs also may be decided by reference to the effect of delay in treatment." *Id.* at 1188. "Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious." *Id.* (internal marks omitted). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* "Further, . . . "[t]he tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Id.* (internal marks omitted). "Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay." *Id.* at 1188-89. A serious medical need is not just any need, but one that "'pose[s] an

unreasonable risk of serious damage to his future health or safety'" and the "'risk of which he complains is not one that today's society chooses to tolerate.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (*quoting Helling v. McKinney*, 509 U.S. 25, 35-36 (1993)). In other words, the challenged condition must be "extreme" and violate "contemporary standards of decency to expose anyone unwillingly to such a risk." *Chandler*, 379 F.3d at 1289. Restrictive or harsh conditions alone do not rise to the level of an Eighth Amendment violation, as the prisoner must show he is "deprive[d] . . . of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In order to satisfy the final element of an Eighth Amendment claim for deprivation of medical care, a plaintiff must show that the official's deliberate indifference caused his injury. *Taylor*, 221 F.3d at 1258; *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (reiterating the elements of an Eighth Amendment claim). Here, plaintiff has failed to allege facts sufficient to satisfy each element of his Eighth Amendment claim.

With regard to the first element – an objectively serious medical need – plaintiff claims to have celiac disease, resulting in gluten intolerance. When plaintiff ingests gluten, he experiences a number of side effects, including abdominal pain,

nausea, headaches, and fatigue. Plaintiff thus has alleged that he suffers from a medical condition that can cause varying degrees of discomfort if not properly treated; he has not alleged, however, that his condition, even if left untreated, would pose a substantial risk of serious harm to him, much less a life-long handicap or permanent loss. And he has produced no verifying medical evidence to establish the detrimental effect of the delay in receiving a gluten-free diet. He also does not show the defendants were aware of and disregarded a substantial risk of serious harm. Plaintiff therefore has failed to adequately plead the first element of an Eighth Amendment claim for deprivation of medical care.

Plaintiff also has not pled facts showing deliberate indifference to his alleged condition. To the contrary, plaintiff acknowledges Dr. Schwartz and Nurse Nichols told him the FDOC did not offer a gluten-free diet and that, once one was approved, he would receive it. He also acknowledges that, in the meantime, he was told to contact the food services department. Plaintiff confirms he ultimately began receiving gluten-free meals, both at Lake Butler RMC and Santa Rosa C.I. He has not alleged the delay was tantamount to unnecessary and wanton infliction of pain or that he suffered from a life-threatening condition that obviously would have been detrimentally exacerbated by the delay. Instead, he has alleged that the delay caused

abdominal pain, nausea, headaches, and fatigue. Such injuries are *de minimis* in the context of an Eighth Amendment claim. At most, therefore, plaintiff's allegations may give rise to an inference of negligence; such an inference, however, will not support an Eighth Amendment claim for inadequate medical treatment. *See Rivas v. Freeman*, 940 F.2d 1491, 1496 (11th Cir. 1991) ("To successfully litigate a lawsuit for deprivation of constitutional rights under 42 U.S.C. section 1983, a plaintiff must show violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights. The negligent act of an official causing unintended loss or injury to life, liberty or property does not implicate due process rights under 42 U.S.C. § 1983.") (internal marks omitted).

Finally, as indicated above, plaintiff has not alleged an exacerbation of his condition or more than *de minimis* injury resulting from any of the defendants' alleged acts or omissions. Plaintiff's Eighth Amendment claim thus fails.[4]

---

[4] Plaintiff characterizes his federal claims as deliberate indifference to serious medical needs, breach of the duty to protect, and failure to administer an adequate medical remedy. Plaintiff has alleged no facts in support of a failure to protect claim, and his claim of failure to administer an adequate medical remedy falls within the ambit of his deliberate indifference claim. Plaintiff raised a number of state law claims as well, but as set forth above, those claims were dismissed with prejudice by the state court. *See, e.g., Ariz. v. Cal.*, 460 U.S. 605, 619 (1983) (explaining that, pursuant to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (observing that the law of the case doctrine "promotes the finality and efficiency of the judicial process by protecting against

C.  Plaintiff's Motion to Remand

Plaintiff's motion to remand can be addressed in short order. Plaintiff says in his motion that not all defendants joined in the removal. Notably, however, the case was removed by the only defendant who had been served at the time. *See* 28 U.S.C. § 1446(b)(2)(A). Removal thus was proper, as plaintiff clearly sets forth claims raising federal questions, and plaintiff has provided no basis for remand.

D.  Plaintiff's Failure to Pay the Filing Fee

As the defendants set forth in their motion, it also appears plaintiff is not entitled to proceed *in forma pauperis* in federal court. According to 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

the agitation of settled issues") (internal marks omitted). Even if plaintiff's state law claims had not been dismissed, it appears plaintiff failed to satisfy the statutory prerequisites to filing a medical malpractice claim. *See* Chapter 766, Florida Statutes. Moreover, given the findings regarding plaintiff's § 1983 claim, the undersigned would recommend that the court not exercise supplemental jurisdiction over any remaining state law claims.

Case No. 3:16cv418-LC-CJK

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Here, plaintiff indisputably is a 3-striker, *see Toney v. McDonough*, Case No. 5:06cv106-RS-MD, ECF # 5, adopted #6 (N.D. Fla. June 28, 2006); yet, plaintiff neither paid the filing fee nor alleged imminent danger of serious physical injury. This case is different from the typical case in which a complaint is dismissed pursuant to the 3-strikes provision, because plaintiff filed in state court and defendant removed to federal court. The undersigned, however, finds persuasive the reasoning of cases

in this circuit applying § 1915(g) to removed actions.[5] *See, e.g., Harris v. Fla. Dep't of Corr.*, Case No. 4:14cv575-RH-GRJ, 2015 WL 1729474 (N.D. Fla. April 14, 2015); *Riggins v. Kuoy*, Civil Action No. 14-0215-CG-M, 2014 WL 3764156 (S.D. Ala. July 30, 2014). Accordingly, the undersigned revokes the state court's grant of leave to proceed *in forma pauperis*. Even if plaintiff's claims were viable, therefore, they could not proceed in the absence of payment of the filing fee.

Accordingly, it is hereby ORDERED:

1. The state court's grant of leave to proceed *in forma pauperis* is revoked.

2. Plaintiff's Motion for Leave to Amend Complaint (doc. 31) is DENIED.

And it is respectfully RECOMMENDED:

1. That plaintiff's Motion to Remand (doc. 10) be DENIED.

2. That Defendants Dr. S. Schwartz and M. Nichols' Motion to Dismiss

---

[5] In *Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012), the Eleventh Circuit left to the district courts the question of whether a district court should dismiss or hear on the merits a case filed in state court by a plaintiff subject to the 3-strikes bar and removed to federal court.

Plaintiff's Third Amended Complaint (doc. 23) be GRANTED and plaintiff's claims against them DISMISSED WITH PREJUDICE.

3.      That Defendant Dennis Pollard's Motion to Dismiss Plaintiff's Third Amended Complaint (doc. 34) be GRANTED and plaintiff's claims against him DISMISSED WITH PREJUDICE.

4.      That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of August, 2017.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:16cv418-LC-CJK